# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CARLEE RYAN PIATT**                                                            **PLAINTIFF**

**V.**                                      **CAUSE NO. 3:18-CV-275-NBB-RP**

**DOLLAR GENERAL CORPORATION**
**AND DAKOTA L. BYRD, IN HIS OFFICIAL**
**AND INDIVIDUAL CAPACITY**                                      **DEFENDANTS**

## ORDER GRANTING MOTION FOR EXTENSION OF TIME

On March 1, 2019, Defendant Dakota L. Byrd filed a motion for an extension of time to respond to Plaintiff's Complaint. Docket 7. Byrd's deadline for answering the Complaint was February 22; however, the motion states that Byrd did not notify counsel that he had been served until after the deadline for responding had passed. *Id*. at 1-2. Therefore, Byrd seeks an additional ten (10) days to respond under Federal Rule of Civil Procedure 6(b). *Id*. Plaintiff responded in opposition to Byrd's motion and separately filed a Motion for Entry of Default against Byrd. Docket 9.

When a request for an extension of time is made before the expiration of a deadline, "this court grants additional time almost as a matter of course." *Casey v. Quality Restaurants and Concepts*, No. 1:10CV309-NBB-DAS, 2012 WL 3261367 at *2 (N.D. Miss. Aug. 8, 2012). However, the more stringent standards of Federal Rule of Civil Procedure 6(b)(1)(B) apply when the time for a response expires without a motion for additional time. Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired: […] if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

An extension under this Rule requires a showing of *both* good cause and excusable neglect. *Casey*, 2012 WL 3261367 at *2. "[P]art of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Id*. (citing *Johnson v. Bolivar County,* No. 2:08CV226-M-D, 2009 WL 4855988, *3–4 (N.D. Miss. Dec. 9, 2009)). The excusable neglect standard rests on an equitable determination that considers all relevant circumstances including "the danger of prejudice […], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

By way of explanation, counsel for Byrd states that Byrd was "unaware of the significance of his receipt of the Complaint" and "did not appreciate the need to notify counsel of service…." Docket 7 at 1-2. Plaintiff concedes that "a client being unaware of the significance of a complaint and not appreciating the duty to notify his attorney is certainly understandable;" however, Plaintiff contends that counsel for Byrd was retained in January 2019 and notified via voicemail on January 30, 2019, about the Complaint, prior to service of process on Byrd which occurred on February 1, 2019. Docket 8 at 2. On this basis, Plaintiff contends that Byrd's explanation is merely an excuse for counsel's failure to "periodically monitor the court docket" and is insufficient to establish good cause. *Id*. at 3.

The Court finds that Byrd's explanation for why a timely request for additional time *could not* have been made before the expiration of time is sufficient to establish good cause. Counsel for Byrd states that he was not notified that Byrd had been served until March 1, 2019,

at which time he immediately filed the instant motion. Docket 7; Docket 7-1 at ¶3. Despite counsel for Plaintiff's averments that on January 30, 2019, he "left a detailed message on Timothy Peeple's answering machine with a message to call Counsel for Plaintiff back if he was, in fact, representing Byrd," there is no allegation that counsel for Byrd had actual notice that Byrd had been served until March 1, 2019. Docket 8-1 at ¶11.

Having established good cause, the Court turns to Byrd's attempt to show excusable neglect. Byrd argues that "it would be extremely prejudicial to allow the plaintiff in this case to establish liability against Byrd [by way of a default judgment] on a claim that has no basis in the law." Docket 7 at 3 (citing *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) (holding that there is no individual liability under Title VII). Plaintiff acknowledges that default judgment is a severe remedy, yet cites *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987), in which a default judgment was upheld "where a party offers no good reason for the late filing of its answer." *In re Knight*, 833 F.2d at 1516. In *In re Knight*, the court noted that "at no time did the lawyer attempt to show excusable neglect" which distinguishes it from the instant action. Without further explanation, Plaintiff simply states that she would be prejudiced if Byrd is permitted to respond. Docket 8 at 4.

Byrd asserts that the length of delay is minimal. Docket 7 at 3. Byrd's answer was due on February 22, 2019, and he filed the instant motion only seven days later. *Id*. Byrd notes that co-defendant Dollar General Corporation has until late March 2019 to file a responsive pleading and no deadlines have been set in this case. *Id*.

As asserted in support of his argument for a finding of good cause, Byrd claims that the reason for delay is his "misunderstanding of the proceedings," namely, his misunderstanding that action was needed after being served with the Complaint. Docket 7 at 3. Plaintiff disputes this

argument on the basis that counsel for Byrd was contacted via voicemail on January 30, 2019, prior to service of process on Byrd on February 1, 2019. Docket 8 at 2. Plaintiff argues that "the reasons for the delay in answering … are weak at best." *Id*. at 4.

Regarding whether Byrd has acted in good faith, Byrd claims that he "has done nothing to intentionally thwart the plaintiff's pursuit of her claims." Docket 7 at 3. Byrd states that granting his motion will not prejudice Plaintiff and will "avoid the potential for a finding of liability against an individual who is not liable for the claims asserted in this lawsuit as a matter of law." *Id*. Plaintiff counters this argument with her conclusory belief that Byrd's motion was not made in good faith. Docket 8 at 4.

Considering the current posture of this litigation, the Court declines to find that Plaintiff would be prejudiced if Byrd is granted an extension of time to respond to the Complaint. The Court believes it should rule on the substantive merits of a case wherever possible. The length of delay here is minimal and has had no effect on judicial proceedings as the Court has not yet entered the Rule 16.1 Initial Order scheduling a Case Management Conference. The Court, having accepted Byrd's explanation sufficient to establish good cause, similarly finds his reasons for delay sufficient to support a showing of excusable neglect. Finally, the Court finds no basis to conclude that Byrd has not acted in good faith in immediately contacting counsel for Plaintiff to request a voluntary extension of time and immediately moving for an extension of time when that request was denied.

Defendant Dakota L. Byrd's Motion for Extension of Time to File Responsive Pleading or, Alternatively, for Leave to File Responsive Pleading is **GRANTED**. Byrd has ten (10) days from the date of this Order to file a responsive pleading to Plaintiff's Complaint. Based on the foregoing, Plaintiff's Motion for Entry of Default is **DENIED.**

**SO ORDERED**, this the 19th day of March, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE