IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARLEE RYANN PIATT                                                PLAINTIFF

V.                                                 CIVIL ACTION NO. 3:18-CV-275-NBB-RP

DOLLAR GENERAL CORPORATION                                DEFENDANT

## **ORDER**

Presently before the court is the defendant Dollar General Corporation's Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Proceedings. Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is not well taken and should be denied.

The plaintiff, Carlee Ryann Piatt, alleges she was the victim of unlawful sexual harassment and other illegal actions while employed by the defendant, Dollar General Corporation, at one of its stores in Oxford, Mississippi. She has filed the present action alleging violations of Title VII of the Civil Rights Act of 1964 against the defendant. The defendant has moved to dismiss or, in the alternative, to compel arbitration, based on an arbitration agreement the plaintiff allegedly signed electronically upon being hired by Dollar General. The plaintiff denies signing the arbitration agreement.

The plaintiff asserts she applied for a position as a part-time sales clerk with Dollar General in October 2017 but did not get the job. In January 2018, however, while out of state on a two-week vacation, a friend who was a Dollar General employee contacted her to see if she was still interested in working for the company. The plaintiff advised her friend of her continued interest in employment with Dollar General, and shortly thereafter the general manager of the Oxford, Mississippi store, Dakota Byrd, contacted her by sending a personal message through his

Facebook account to hers, though the two were unacquainted. Byrd informed the plaintiff that he was hiring her for an assistant manager position even though she had requested only a part-time position.

Shortly thereafter, Byrd asked the plaintiff to log on to the online Dollar General hiring page and to submit an application. The plaintiff attempted to do so using the Dollar General link given to her during her previous application process but was unsuccessful. Byrd asked the plaintiff to create a new sign-in account. She did so, and then, according to the plaintiff, Byrd requested her sign-in credentials and stated he would complete the application for her, making sure everything was done correctly. The next day, Byrd sent the plaintiff a hiring packet but, for reasons that are unclear, instructed her not to open it. He advised that he had gone into her account and filled out the application. He assured her the application was about to be approved by the district manager, with whom he had been in contact, and the plaintiff was indeed subsequently hired.

The plaintiff asserts she felt compelled to follow Byrd's instructions, as Byrd was the person hiring her; thus, at Byrd's insistence, the plaintiff allowed Byrd to complete the application for her. The plaintiff attests that the only forms she recalls completing herself during this application process were a drug form and a direct deposit form. She has sworn under oath that she did not fill out an arbitration form or a tax form. In support of her assertion and indicative of the fact that Byrd completed these forms himself, the plaintiff notes two mistakes on the electronic forms at issue. First, she notes the initials "CRP" were used to sign the electronic arbitration form at issue. Though her legal name is Carlee Ryann Piatt, the plaintiff asserts that she has always been called "Hannah" and has, throughout her adult life, always inserted the letter "H" into her initials. She attests that she uses the initials "CRHP" at all times

and did so during the entire period she was employed with Dollar General to approve documents as an assistant manager. Second, the IRS tax form presented by Dollar General shows her name as "Carlee Hannah R. Piatt," which the plaintiff asserts is incorrect. Her correct name is Carlee Ryann Hannah Piatt. The plaintiff maintains she did not initial or agree to any arbitration agreement with Dollar General and did not provide the wrong name to the IRS. She asserts that the only other person who had access to her Dollar General online account was Byrd. She further attests that she did not authorize Byrd to bind her to an arbitration agreement or to complete the IRS tax form on her behalf.

In determining whether claims are subject to arbitration, courts consider (1) whether the parties formed a valid agreement to arbitrate; and (2) whether the agreement to arbitrate encompasses the underlying dispute. *See JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). "[W]here the 'very existence of a contract' containing the relevant arbitration agreement is called into question, the federal courts have authority and responsibility to decide the matter." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (quoting *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 218 (5th Cir. 2003)).

In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). The plaintiff stated in her complaint that her general manager, Byrd, acquired her sign-in credentials and completed her application. In response to the present motion, she has submitted an affidavit attesting that she did not sign the arbitration agreement in question and has provided circumstantial evidence in support of her

assertions: namely, the incorrect initials on the arbitration agreement and the incorrect name on the IRS tax form.

Under typical 12(b)(6) analysis with no arbitration agreement at issue, the plaintiff's assertions here would be taken as true and would be sufficient, and the court would deny the defendant's motion to dismiss. The Federal Arbitration Act, however, directs that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *see also*, *Chester v. DirecTV, LLC*, 607 F. App'x 362, 363 (5th Cir. 2015) ("A district court must hold a trial on the existence of an arbitration agreement if a motion to compel arbitration is filed and the making of the arbitration agreement is in issue."). To put the making of the arbitration agreement in issue, the party denying the existence of the agreement must "unequivocally deny" that he agreed to arbitrate and produce "some evidence" supporting his position. *Chester*, 607 F. App'x at 363. This court finds that the plaintiff has met her burden in this regard.

"If no jury trial be demanded by the party alleged to be in default ... the court shall hear and determine such issue." 9 U.S.C. § 4. Further, "a general jury demand in a complaint does not obviate the need to specifically request a jury trial under Section 4 of the FAA." *Dalon v. Ruleville Nursing and Rehab. Center, LLC*, 161 F. Supp. 3d 406, 412 n.3 (N.D. Miss. 2016) (quoting *King v. Capital One Bank (USA), N.A.*, No. 3:11-cv-68, 2012 WL 4404862, at *1 (W.D. Va. Sep. 25, 2012)). The Fifth Circuit has stated that, notwithstanding the Act's directive, where a party has not requested a hearing, a "district court is not required to conduct a hearing on this threshold determination." *Armstrong v. Associates Int'l Holdings Corp.*, 242 F. App'x 955, 959 (5th Cir. 2007). Here, however, the defendant has requested such a hearing. The court will, therefore, conduct an evidentiary hearing to determine whether the parties agreed to arbitrate

4

and, specifically, whether the plaintiff signed the arbitration agreement at issue. When a hearing is required pursuant to § 4, the proper course is to deny a pending motion to dismiss or to compel arbitration without prejudice pending the outcome of the hearing. *Dalon*, 161 F. Supp. 3d at 418. The court will, therefore, deny the defendant's motion at this time. The motions may be re-urged, if necessary, following the evidentiary hearing.

Accordingly, it is **ORDERED AND ADJUDGED** that the defendant's Motion to Dismiss or, in the Alternative, to Compel Arbitration is **DENIED** without prejudice. The court will schedule an evidentiary hearing to determine whether a valid arbitration agreement exists between the parties in due course.[1]

This, the 31st day of March, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The court is currently limiting its public hearings in response to the COVID-19 pandemic and will schedule the aforesaid hearing as soon as is practicable at a later date.